# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| DARRYL MILLER, | ) |
| Plaintiff | ) |
| v. | ) No. 3:04cv0480 AS |
| JOHN R. VANNATTA, *Superintendent, MCF*, CHRIS JOHNSON, *Admin. Asst./MCF*, and CHAD BARR, *Health Care Admin/MCF*, | ) ) ) ) ) |
| Defendants | ) |

## *MEMORANDUM, OPINION AND ORDER*

On or about July 21, 2004, *pro se* plaintiff, Darryl L. Miller, an inmate at the Miami Correctional Facility (MCF) in Bunker Hill, Indiana, filed a complaint purporting to state a claim under 42 U.S.C. § 1983, and invoking this Court's federal question subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(3). The court takes judicial notice of the entire record in this case which at this point has a total of 83 items. One of the defendants, Chad Barr, filed a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure (Fed.R.Civ.P.) on December 28, 2005, which complies with the necessary mandates of *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). There was a memorandum filed with the motion plus an exhibit A, and exhibit B, which is a declaration of Chad Barr. The plaintiff filed an unverified response on February 16, 2006, attaching separate affidavits of Rodney Collins, Terry Durbin, Steve Agent, Kevin R. Thieke, Richard Meneely, Donald G. Bell, Calvin Farr, Charles Davis, Steve Seketa, Ronald J. Musson, and Joseph I. Fox.

Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *Celotex Corp v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Bragg v. Navistar Int'l Trans. Corp.*, 164 F.3d 373 (7th Cir. 1998). *Celotex* addressed the initial burdens of the parties under Rule 56, and *Anderson* addressed the standards under which the record is to be analyzed within the structure of Rule 56.

The initial burden is on the moving party to demonstrate, "with or without supporting affidavits," the absence of a genuine issue of material fact and that judgment as a matter of law should be granted in the moving party's favor. *Celotex*, 477 U.S. at 324 (quoting FED.R.CIV.P. 56); *Larimer v. Dayton Hudson Corp.*, 137 F.3d 497 (7th Cir. 1998). A question of material fact is a question which will be outcome determinative of an issue in the case. The Supreme Court has instructed that the facts material in a specific case shall be determined by the substantive law controlling the given case or issue. *Anderson*, 477 U.S. at 248. Once the moving party has met the initial burden, the opposing party must "go beyond the pleadings" and "designate 'specific facts shows that there is a genuine [material] issue for trial.'" *Id.* The nonmoving party cannot rest on its pleadings, *Weicherding v. Riegel*, 160 F.3d 1139 (7th Cir. 1998); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918 (7th Cir. 1994); nor may that party rely upon conclusory allegations in affidavits. *Smith v.*

2

*Shawnee Library Sys.*, 60 F.3d 317, 320 (7th Cir. 1995).

During its summary judgment analysis, the court must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560 (7th Cir. 1996). Furthermore, it is required to analyze summary judgment motions under the standard of proof relevant to the case or issue. *Anderson*, 477 U.S. at 252-55. Applying the above standard, this Court addresses defendant's motion.

The claim here must comply with the demands made by the Supreme Court some years ago in *Davidson v. Cannon*, 474 U.S. 344 (1986), and *Daniels v. Williams*, 474 U.S. 327 (1986). This smacks of a medical malpractice kind of claim which when made under §1983 requires the proof of deliberate indifference. It is correct as the Attorney General of Indiana points out, that some of the affidavits are technically deficient in that they are based on hearsay under *United States v. Peterson*, 414 F.3d 825 (7th Cir. 2005). Chad Barrr is the Health Care Administrator of the MCF but it is not alleged that he is a medical doctor. The array of authorities cited by the Attorney General of Indiana beginning with *Estelle v. Gamble*, 429 U.S. 97 (1976)clearly established the need to assert deliberate indifference in this medical malpractice context. It is not for this court under the concept of deliberate indifference to gainsay the medical decisions that have been made by the various defendants in this case including a medical doctor with regard to the desirability of or need for the particular surgery mentioned.

For all of these reasons, the summary judgment is now **GRANTED** with regard to the defendants in this case. The Clerk is **ORDERED** to enter judgment in favor of the defendants and against the plaintiffs. Each party will bear its own costs. **IT IS SO ORDERED**.

**DATED:** June 8, 2006

                                                **S/ ALLEN SHARP**
                                        **ALLEN SHARP, JUDGE**
                                        **UNITED STATES DISTRICT COURT**